Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000641
15-NOV-2019
09:10 AM

NO. CAAP-19-0000641

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAII, Plaintiff-Appellee, v.
ROBERT QUARTERO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-17-073529)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Fujise, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of the record in appellate court case number CAAP-19-0000641, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016). In this appeal, Defendant-Appellant Robert Quartero (Quartero), self-represented, appears to be appealing from Plaintiff-Appellee State of Hawaii's (the State) October 30, 2017 citation for operating a motor vehicle without a valid license in violation of HRS § 286-102 (2007 & Supp. 2018) in district court case number 1DTC-17-0073529. The Honorable Harlan Y. Kimura most recently entered a September 16, 2019 interlocutory order (1) granting a motion by Quartero's counsel to withdraw from representing Quartero and (2) granting Quartero's request to stay the proceedings for ninety days. In

the absence of a judgment with a final decision, the dismissal of this appeal is warranted.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure. In order to perfect a defendant's right to appeal from a district court criminal case pursuant to HRS § 641-12(a), the district court must enter either a judgment of conviction with a complete sentence, or an order dismissing the complaint, thereby terminating the proceedings and leaving nothing further to be accomplished by the district court. State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005) (regarding the appealability of a district court judgment of conviction and sentence under HRS § 641-12); Nicol, 140 Hawai'i at 491, 403 P.3d at 268 (Explaining that "under the Hawaii Revised Statutes, district court defendants . . . in . . . district . . . court may appeal from an order dismissing proceedings without prejudice." (Citations omitted)). The State's citation for operating a motor vehicle without a valid license in violation of HRS § 286-102 has not yet gone to trial. Therefore, Quartero's appeal is premature, and we lack appellate jurisdiction.

For the purpose of assisting the district court in future similar circumstances, we note that it is unnecessary for the district court to continue a trial based on a

jurisdictionally defective appeal. "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA International Ltd. v. Shimizu Corp., 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). "The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citations omitted; emphasis added).

Therefore, IT IS HEREBY ORDERED that CAAP-19-0000641 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in CAAP-19-0000641 are dismissed as moot.

DATED: Honolulu, Hawai'i, November 15, 2019.

Presiding Judge

Associate Judge

Associate Judge

3